UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GMAC BANK
GMAC Mortgage, LLC
GMAC Mortgage Corporation

V.

GARY JOHNSON                                          March 27, 2008

## COMPLAINT

### FIRST COUNT (INTENTIONAL BREACH OF FIDUCIARY DUTY)

1. Plaintiffs, GMAC Bank, GMAC Mortgage, LLC and GMAC Mortgage Corporation are corporations with an office and principal place of business at Fort Washington, Pennsylvania and are the owners or holders of the loan documents which are the subject of this Count.

2. The Defendant, Gary Johnson, is an individual who resides at 165 Tyler Avenue, Groton, Connecticut.

3. This Court has jurisdiction over proceeding pursuant to 28 USC § 1332 in that this is an action among citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this District under 28 USC § 1391(a), in that a substantial part of the events or omissions giving rise to the claim occurred in Connecticut.

5. Gary Johnson, at all times referenced herein, was an officer of Matrix Investment Corporation, a non-depository first and second mortgage lender under Connecticut law under CGS 36a-488 and CGS 36a-513, et seq.

6. In May, 2005, Matrix originated a residential mortgage refinance in the original principal amount of $359,600 , secured by 3 Coronet Court, Wheatley Heights, New York ("Bland refinance")

7. At the time of the closing of the Bland refinance, Matrix was suffering from financial problems and had begun a practice, based upon the authorization and consent of Gary Johnson, to close on mortgage loans but not to timely disburse the funds.

7. On or about May 10, 2005, a third party wired $357,932.56 to account # 90831770 ["the '70 account"] at Washington Trust, which funds were for the Bland refinance.

8. At all times referenced herein, Gary Johnson, as an individual, had signatory authority for Washington Trust account # 90831770 ["the '70 account"].

9. On May 13, 2005, a closing occurred in which Matrix extended a mortgage loan in the original principal amount of $359,600, secured by 3 Coronet Court, Wheatley Heights, New York, however, the monies were never disbursed.

10. On the day of the Bland closing, Gary Johnson was in possession of monies from a third party lender to close the Bland refinance, yet he withheld

disbursement of the monies after the expiration of the three day right of rescission under federal law.

11. Notwithstanding the failure to timely disburse the closing monies, on May 13, 2005, Gary Johnson executed an allonge to the Bland note, selling all right, title and interest in the note, debt and mortgage to GMAC Bank.

12. At all times referenced herein, Gary Johnson was aware that he sold the Bland refinance loan documents to GMAC, yet he concealed that the funds were not timely disbursed, in an effort to defraud GMAC and to induce them to purchase the Bland loan.

13. At least 30 days after the closing on the Bland refinance, Gary Johnson was utilizing the monies from that closing for his own benefit and/or for the benefit of Matrix Investment Corporation.

14. Upon information and belief, the Bland monies have never been disbursed in accordance with the HUD-1 closing statement.

15. At all times identified herein, Gary Johnson had a fiduciary duty, as an individual signatory to Washington Trust bank account # 90831770 ["the '70 account], to properly disburse the closing monies and he intentionally breached that fiduciary duty in one or more of the following ways:

    a) Intentionally diverted the Bland refinance monies, by instructing his daughter, Jennifer Johnson-Octeau, to wire the monies from the '70 account ;

    b) he intentionally sold the Bland loan documents, when he was aware that the closing monies had not been properly disbursed and therefore the mortgage debt was not as represented on the face of the note and mortgage;

    c) he exercised dominion and control over the Bland closing monies when he had a duty to disburse those monies consistent with Connecticut and federal law, which he failed to do.

17. As a proximate cause of the conduct of the Defendant, Gary Johnson, the Plaintiffs have sustained monetary damages.

## SECOND COUNT ( NEGLIGENCE)

1-9. Paragraphs 1-9 of the First Count are incorporated by reference as paragraphs 1-9 of this Second Count, as if more fully set forth herein.

10. On May 13, 2005, Gary Johnson, acting as an officer of Matrix, executed an allonge to the Bland note, selling all right, title and interest in the note, debt and mortgage to GMAC Bank.

11. At all times referenced herein, Gary Johnson, as an officer of Matrix, had a duty to verify and confirm that the closing funds had been properly disbursed prior to selling the Bland loan to the Plaintiffs.

12. Defendant, Gary Johnson, breached his duty to the Plaintiffs in one or more of the following ways:

    a) he executed an allonge to the Bland note to sell the same to the Plaintiffs when he knew or should have known that the Bland loan had not been properly disbursed;

    b) he represented that the Bland note was in compliance with the terms of a contract between Matrix and the Plaintiffs, when it was not;

c) he knew or should have known that the Bland loan had not been properly disbursed;

d) he had access to the '70 account and knew or should have known that the Bland funds were available to be disbursed but failed to determine the same prior to the sale of the loan;

13. As a proximate cause of the conduct of the Defendant, the Plaintiff has sustained monetary damages.

### THIRD COUNT ( NEGLIGENT BREACH OF FIDUCIARY DUTY)

1-9. Paragraphs 1-9 of the First Count are incorporated by reference as paragraphs 1-9 of this Third Count, as if more fully set forth herein.

10. On May 13, 2005, Gary Johnson, acting as an officer of Matrix, executed an allonge to the Bland note, selling all right, title and interest in the note, debt and mortgage to GMAC Bank.

11. At all times referenced herein, Gary Johnson, as an officer of Matrix, had a fiduicary duty to verify and confirm that the closing funds had been properly disbursed prior to selling the Bland loan to the Plaintiffs, in that he has signatory authority and control over the '70 account.

12. Defendant, Gary Johnson, breached his fiduciary duty to the Plaintiffs in one or more of the following ways:

a) he executed an allonge to the Bland note to sell the same to the Plaintiffs when he knew or should have known that the Bland loan had not been properly disbursed;

b) he represented that the Bland note was in compliance with the terms of a contract between Matrix and the Plaintiffs, when it was not;

c) he knew or should have known that the Bland loan had not been properly disbursed;

d) he had access to the '70 account and knew or should have known that the Bland funds were available to be disbursed but failed to determine the same prior to the sale of the loan;

E) he negligently instructed his daughter, Jennifer Johnson Octeau, to wire the Bland monies out of the '70 account, and failed to verify and confirm their disbursement as required by the HUD-1 settlement statement.

13. As a proximate cause of the conduct of the Defendant, the Plaintiff has sustained monetary damages.

**FOURTH COUNT (FRAUD)**

1. Plaintiffs, GMAC Bank, GMAC Mortgage, LLC and GMAC Mortgage Corporation are corporations with an office and principal place of business at Horsham, Pennsylvania and are the owners or holders of the loan documents which are the subject of this Count.

2. The Defendant, Gary Johnson, is an individual who resides at 165 Tyler Avenue, Groton, Connecticut.

3. This Court has jurisdiction over proceeding pursuant to 28 USC § 1332 in that this is an action among citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this District under 28 USC § 1391(a), in that a substantial part of the events or omissions giving rise to the claim occurred in Connecticut.

5. Gary Johnson, at all times referenced herein, was an officer of Matrix Investment Corporation, a non-depository first and second mortgage lender under Connecticut law.

6. In May, 2005, Matrix originated a residential mortgage refinance in the original principal amount of $359,600, secured by 3 Coronet Court, Wheatley Heights, New York ("Bland refinance")

7. At the time of the closing of the Bland refinance, Matrix was suffering from financial problems and had begun a practice, based upon the authorization and consent of Gary Johnson, to close on mortgage loans but not to timely disburse the funds.

8. On or about May 10, 2005, a third party wired $357,932.56 to account # 90831770 ["the '70 account"] at Washington Trust, which funds were for the Bland refinance.

9. At all times referenced herein, Gary Johnson, as an individual, had signatory authority for Washington Trust account # 90831770 ["the '70 account"].

10. On May 13, 2005, a closing occurred in which Matrix extended a mortgage loan in the original principal amount of $359,600, secured by 3 Coronet Court, Wheatley Heights, New York, however, the monies were never disbursed.

11. On the day of the Bland closing, Gary Johnson was in possession of monies from a third party lender to close the Bland refinance, yet he withheld disbursement

of the monies after the expiration of the three day right of rescission under federal law.

12. Notwithstanding the failure to timely disburse the closing monies, on May 13, 2005, Gary Johnson executed an allonge to the Bland note, selling all right, title and interest in the note, debt and mortgage to GMAC Bank.

13. At all times referenced herein, Gary Johnson was aware that he sold the Bland refinance loan documents to GMAC, yet he concealed that the funds were not timely disbursed, in an effort to defraud GMAC and to induce them to purchase the Bland loan.

14. At least 30 days after the closing on the Bland refinance, Gary Johnson was utilizing the monies from that closing for his own benefit or for the benefit of Matrix Investment Corporation.

15. Upon information and belief, the Bland monies have never been disbursed in accordance with the HUD-1 closing statement.

16 At all times identified herein, Gary Johnson had signatory authority for Washington Trust bank account # 90831770 ["the '70 account], which contained the Bland closing monies and he engaged in material misrepresentations to induce the Plaintiffs to act to their detriment in one or more of the following ways:

    a) Intentionally diverted the Bland refinance monies, by instructing his daughter, Jennifer Johnson-Octeau, to wire the monies from the '70 account;

;

      b) he intentionally sold the Bland loan documents, when he was aware that the closing monies had not been properly disbursed and therefore the mortgage debt was not as represented on the face of the note and mortgage;

      c) he exercised dominion and control over the Bland closing monies when he had a duty to disburse those monies consistent with Connecticut and federal law, which he failed to do.

17. Plaintiffs relied upon the material misrepresentations by the Defendant.

18. As a proximate cause of the conduct of the Defendant, Gary Johnson, the Plaintiffs have sustained monetary damages.

**FIFTH COUNT (CONVERSION)**

1-13. Paragraphs 1-13 of the Fourth Count are incorporated by reference as paragraphs 1-13 of this Fifth Count, as if more fully set forth herein.

14. Defendant, Gary Johnson, engaged in a conversion by wrongful detention of the Bland closing monies by one or more of the following:

      a) Intentionally diverting the Bland refinance monies, by instructing his daughter, Jennifer Johnson-Octeau, to wire the monies from the '70 account;

      ;

      b) By selling the Bland loan documents, when he was aware that the closing monies had not been properly disbursed and therefore the mortgage debt was not as represented on the face of the note and mortgage;

      c) by exercising dominion and control over the Bland closing monies to the exclusion of the Plaintiff;

15. As a proximate cause of the conduct of the Defendant, the Plaintiff has sustained monetary damages.

**SIXTH COUNT (CIVIL THEFT)**

1-13. Paragraphs 1-13 of the Fifth Count are incorporated by reference as paragraphs 1-13 of this Sixth Count, as if more fully set forth herein.

14. Defendant, Gary Johnson, engaged in a civil theft of the Bland closing monies by one or more of the following:

    a) Intentionally diverting the Bland refinance monies, by instructing his daughter, Jennifer Johnson-Octeau, to wire the monies from the '70 account;

    ;

    b) By selling the Bland loan documents, when he was aware that the closing monies had not been properly disbursed and therefore the mortgage debt was not as represented on the face of the note and mortgage;

    c) by exercising dominion and control over the Bland closing monies to the exclusion of the Plaintiff;

    d) by never properly disbursing the Bland closing monies.

15. As a proximate cause of the conduct of the Defendant, the Plaintiff has sustained monetary damages.

The Plaintiffs,

By: /s/ Geoffrey K. Milne
Geoffrey K. Milne CT12854
Hunt Leibert Jacobson, PC
50 Weston Street
Hartford, CT 06120
860-240-9140
GMilne@huntleibert.com

WHEREFORE, the Plaintiffs claim the following:

FIRST COUNT

    1) Monetary damages;

    2) Interest under CGS 37-3a and/or 37-3b;

    3) Attorneys fees for breach of fiduciary duty;

    4) Costs;

    5) Such other and further relief as the court deems just and equitable.

SECOND COUNT

    1) Monetary damages;

    2) Interest under CGS 37-3a and/or 37-3b;

    3) Costs;

4)Such other and further relief as the court deems just and equitable.

THIRD COUNT

    6) Monetary damages;

    7) Interest under CGS 37-3a and/or 37-3b;

    8) Attorneys fees for breach of fiduciary duty;

    9) Costs;

10) Such other and further relief as the court deems just and equitable.

## FOURTH COUNT

1) Monetary damages;

2) Interest under CGS 37-3a and/or 37-3b;

3) Attorneys fees for breach of fiduciary duty;

4) Costs;

5) Such other and further relief as the court deems just and equitable.

## FIFTH COUNT

1) Monetary damages;

2) Interest under CGS 37-3a and/or 37-3b;

3) Attorneys fees for conversion;

4) Costs;

5) Such other and further relief as the court deems just and equitable.

## SIXTH COUNT

1) Monetary damages;

2) Interest under CGS 37-3a and/or 37-3b;

3) Treble damages for civil theft under CGS 52-564;

4) Costs;

5) Such other and further relief as the court deems just and appropriate

The Plaintiffs,

By *[signature]*
Geoffrey K. Milne CT/12854
Hunt Leibert Jacobson, PC
50 Weston Street
Hartford, CT 06120
860-240-9140
GMilne@huntleibert.com